# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2206

_____

United States of America

*Plaintiff - Appellee*

v.

Donald R. Montgomery

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 13, 2016
Filed: July 11, 2016

_____

Before SMITH, SHEPHERD, and KELLY, Circuit Judges.

_____

SMITH, Circuit Judge.

Donald R. Montgomery appeals his conviction for being a felon in possession of a firearm, arguing that the law enforcement officers that arrested him and found the firearm in his pocket violated the Fourth Amendment by detaining him without reasonable suspicion. We affirm.

## I. *Background*

Kansas City Police officers patrolling a high-crime neighborhood observed, from a public alley, a van parked in the unfenced backyard of a house. The officers approached the van and saw Montgomery and a companion asleep inside. Just two weeks before, the officers had arrested a man dismantling a stolen car in the same backyard. Apparently, this particular neighborhood is commonly used by thieves who seek to sell stolen metal—such as car parts and copper wiring and pipes—to auto-salvage or scrap-metal dealers. Concerned that the van was stolen and soon to be processed for salvage, the officers investigated. After determining that the van was not stolen, the officers looked inside the back of the van and noticed a large quantity of copper pipes. One officer knocked on the driver's side window and the other on the passenger's side. Montgomery, sitting in the driver's seat, rolled down the window. The officers asked Montgomery where he and his companion had gotten the copper pipe. They also asked him for identification and his home address. After asking dispatch to check for outstanding warrants, the officers learned that there were two warrants for Montgomery's arrest. The officers ordered Montgomery out of the car and attempted to place him under arrest. He resisted, but the officers eventually subdued him. During the struggle, the officers noticed that Montgomery was attempting to retrieve something from one of his pants pockets. During a search incident to Montgomery's arrest, the officers found a firearm in that pocket. Montgomery, a felon, was indicted for being a felon in possession of a firearm.

Montgomery moved to suppress the firearm. The district court[1] denied the motion to suppress, concluding that the officers had reasonable suspicion sufficient to detain Montgomery until they discovered that there were two outstanding warrants for his arrest. Montgomery then pleaded guilty, reserving his right to withdraw his plea if he prevailed in his challenge of the district court's suppression ruling. The

---

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

court sentenced Montgomery to 200 months' imprisonment with 5 years of supervised release. Montgomery appeals. We have jurisdiction to review Montgomery's conviction pursuant to 28 U.S.C. § 1291.

## II. *Discussion*

The district court concluded that the officers had reasonable suspicion sufficient to detain Montgomery because Montgomery was sleeping in an unmarked van filled with copper pipes that was parked in a location known to be used in processing stolen scrap metal. Montgomery argues that these facts are insufficient to support the alleged detention. He avers that the officers had no specific information that the pipes were stolen. We agree with the district court.

In reviewing the district court's decision not to suppress the evidence, we review de novo the court's legal conclusions and review its findings of fact for clear error. *United States v. Barry*, 394 F.3d 1070, 1074 (8th Cir. 2005). A brief investigatory stop is permissible under the Fourth Amendment "if the officer has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot.'" *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (quoting *Terry v. Ohio*, 392 U.S. 1, 30 (1968)). In determining whether an officer has reasonable suspicion, we "must look at the 'totality of the circumstances' of each case to see whether the detaining officer has a 'particularized and objective basis' for suspecting legal wrongdoing." *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (quoting *United States v. Cortez*, 449 U.S. 411, 417–18 (1981)). Additionally, officers are permitted "to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that 'might well elude an untrained person.'" *Id.* (quoting *Cortez*, 449 U.S. at 418).

In this case, the officers had reasonable suspicion that the copper pipes that Montgomery had in his possession were stolen.[2] First, the area was notorious and known to the officers for use in scrap-metal theft. The officers had recently arrested a man in the very same backyard who was actively dismantling a stolen car in order to sell the parts and scrap metal. The officers drove through the public alley to investigate the backyard that morning based on knowledge gained from that prior arrest. Moreover, the officers patrolled the neighborhood aware of its notoriety for scrap-metal theft. In fact, other officers were simultaneously investigating a copper theft in the area. Second, the circumstances observed by the officers strongly suggested that the copper pipes were stolen. The van bore no markings of a plumbing or construction business. The absence of such markings suggested that the copper pipes were potential scrap and were not part of a legitimate business. The fact that Montgomery was using the vehicle and the backyard for sleeping also raised suspicion of unlawful activity.

Accordingly, the district court correctly concluded that the totality of the circumstances provided the officers with reasonable suspicion that the copper pipes in Montgomery's possession were stolen. The subsequent brief detention, questioning, and eventual arrest pursuant to outstanding warrants were therefore permissible under the Fourth Amendment.

## III. *Conclusion*

For these reasons, we affirm the district court's denial of Montgomery's motion to suppress and therefore his conviction.

_____

---

[2]For example, the officers had reasonable suspicion to believe that Montgomery was violating Missouri law by "retain[ing] . . . property of another knowing that it has been stolen, or believing that it has been stolen" with "the purpose of depriving the owner of a lawful interest therein." Mo. Rev. Stat. § 570.080(1).

-4-